**Lauren L. Lavoie, individually, Lauran L. Lavoie, as Guardian and Natural Parent of L. S., A Minor v. Hyundai Motor America, et al.**

## <u>INDEX OF EXHIBITS</u>

A.    Plaintiff's Complaint

B.    Initial Appearance Fee Disclosure

C.    Summons and Declaration of Service

D.    Docket Sheet

# EXHIBIT A

Electronically Filed
2/25/2022 4:31 PM
Steven D. Grierson
CLERK OF THE COURT



**COMP**
**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
tterry@christiansenlaw.com
**KENDELEE L. WORKS, ESQ.**
Nevada Bar No. 9611
kworks@christiansenlaw.com
**WHITNEY J. BARRETT, ESQ.**
Nevada Bar No. 13662
wbarrett@christiansenlaw.com
**KEELY A. PERDUE, ESQ.**
Nevada Bar No. 13931
keely@christiansenlaw.com
**CHRISTIANSEN TRIAL LAWYERS**
710 South 7th Street, Suite B
Las Vegas, Nevada 89101
Telephone:     (702) 240-7979
Facsimile:     (866) 412-6992
*Attorneys for Plaintiffs*

CASE NO: A-22-848889-C
Department 1

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAUREN L. LAVOIE, individually, LAUREN L. LAVOIE as Guardian and Natural Parent of ▬▬▬▬▬ a Minor,<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA, a Foreign Corporation; HYUNDAI MOTOR COMPANY, a Foreign Corporation; DOES I-X; ROE CORPORATIONS I-X; inclusive,<br><br>Defendants. | CASE NO.<br>DEPT. NO.<br><br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiffs LAUREN L. LAVOIE and ▬▬▬▬▬ a

minor, by and through his guardian and natural parent, LAUREN L, LAVOIE, by and through

their attorneys, PETER S. CHRISTIANSEN, ESQ., R. TODD TERRY, ESQ., KENDELEE L.

WORKS, ESQ., WHITNEY J. BARRETT, ESQ. and KEELY A. PERDUE, ESQ. of CHRISTIANSEN TRIAL LAWYERS and for his causes of action against Defendants, and each of them, allege as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.     Plaintiff, LAUREN L. LAVOIE, is, and at all times relevant hereto, was and is a resident of Clark County, Nevada.

2.     Plaintiff, LAUREN L. LAVOIE as Guardian and Natural Parent of ████████ ████████, a minor, and at all times relevant hereto, was and is a resident of Clark County, Nevada.

3.     That at all times relevant hereto, upon information and belief, Defendant, HYUNDAI MOTOR AMERICA was and is a foreign corporation duly licensed to do business in the State of Nevada.

4.     That at all times relevant hereto, upon information and belief, Defendant, HYUNDAI MOTOR COMPANY was and is a foreign corporation duly licensed to do business in the State of Nevada.

5.     That the true names and capacities, whether individual, corporate, agents, association or otherwise of the Defendants, DOES I through X and/or ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.  Plaintiffs are informed and believe, and thereupon alleges, that each of the Defendants designated herein as DOES and/or ROE CORPORATIONS are responsible in some manner for the events and happenings herein referred to, and in some manner proximately caused the injuries and damages thereby to the Plaintiffs, as herein alleged; that the Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of said

Ex. A - 002

Defendants, DOES I through X and/or ROE CORPORATIONS I through X, inclusive, when the same have been ascertained by the Plaintiffs, together with appropriate charging allegations, and to join such Defendants in this action.

6.     Further, that the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants DOES I through X are unknown to Plaintiffs who, therefore, sue said Defendants by said fictitious names. Defendants designated herein as DOE and ROE CORPORATION are responsible in some manner for the events and happenings herein referred to and caused damage proximately to Plaintiffs as herein alleged.

7.     That at all times mentioned herein, Defendants, HYUNDAI MOTOR AMERICA and HYUNDAI MOTOR COMPANY designed, manufactured, distributed, sold, and/or maintained, vehicles commonly known as Hyundai Elantra, including the vehicle described herein and designed, manufactured, sold, or maintained the dangerous instrumentality, as herein described.

8.     That prior to March 01, 2020, HYUNDAI MOTOR AMERICA and HYUNDAI MOTOR COMPANY knew or should have known that certain Elantras (2007-2010 model years) vehicles experienced failures  or otherwise were defective with regards to ABS modules that resulted in short-circuits within the system, further, Defendants issued recalls and/or notices regarding said failures of the system; a failure that Plaintiffs experienced/suffered.

9.     That on or about March 01, 2020, the Plaintiff, LAUREN L. LAVOIE, was traveling north on US-95 when the engine of her 2008 Hyundai Elantra suddenly and unexpectedly stalled and subsequently the steering wheel of Plaintiff's vehicle locked, causing Plaintiff, LAUREN L. LAVOIE's vehicle to depart the roadway and strike a gravel embankment,

3

1  resulting in a rollover event. Plaintiff, LAUREN L. LAVOIE was 6 months pregnant (███████

2  ███████████) at the time of the subject incident.

3      10.    Defendants, HYUNDAI MOTOR AMERICA and HYUNDAI MOTOR

4  COMPANY, designed, manufactured, distributed, placed upon the market, and sold a defective

5  2008 Hyundai Elantra for business benefit.

6

7      11.    Plaintiff, LAUREN L. LAVOIE, was using said vehicle in a reasonable

8  foreseeable manner and Plaintiffs' injuries were caused by the defect and such defect existed

9  when the product left the hands of Defendants.

10      12.    That Defendants knew or had reason to know of the risks posed to drivers and

11

12  passengers of the vehicles and neglegently failed to warn users of the risks prior to March 01,

13  2020.

14  **FIRST CAUSE OF ACTION**

15  *Negligence*

16      13.    Plaintiffs incorporate by this reference each and every allegation previously made

17  in this Complaint, as if fully set forth herein.

18      14.    That prior to March 01, 2020, Defendants negligently designed and manufactured

19  Plaintiff's Hyundai Elantra and further, negligently permitted a dangerous condition, not obvious

20  or apparent to Plaintiff, LAUREN L. LAVOIE, to exist thereon and further, did:

21

22      a)  negligently design and cause a dangerous condition or instrumentality to exist, to

23          wit: unsafe vehicle due to defective systems or components.

24      b)  negligently allowed said dangerous condition or instrumentality to remain in

25          existence, as aforesaid, for an unreasonable length of time;

26

27      c)  negligently failed to warn Plaintiff, LAUREN L. LAVOIE, of the presence of said

28          dangerous condition or instrumentality, and;



CHRISTIANSEN
— TRIAL LAWYERS —

4

d) negligently allowed the vehicle used by Plaintiff, LAUREN L. LAVOIE to be dangerous and unfit for use;

e) Such conditions existed at the time Plaintiff's vehicle left Defendants' custody and control and/or Defendants became aware of said conditions prior to Plaintiffs' single vehicle rollover event.

15. As a direct and proximate result of the negligence of Defendants, the dangerous condition or instrumentality of said vehicle was known by, or should have been known by, the Defendants in exercise of reasonable care, and Plaintiffs were seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, and all to their general and compensatory damages in an amount in excess of $15,000.00.

16. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs, LAUREN L. LAVOIE and ███████████, a minor, sustained injuries as a result of said dangerous condition or instrumentality in said vehicle, thereby incurring expenses for medical care, treatment, and expenses incidental thereto, and Plaintiffs may be required in the future to incur expenses for medical care and treatment in an amount in excess of $15,000.00.

17. As a further direct and proximate result of the negligence of Defendants, Plaintiff LAUREN L. LAVOIE sustained a loss of wages, past and future, and loss of future earnings in an amount in excess of $15,000.00.

18. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff, LAUREN L. LAVOIE suffered a loss of past and future household services in an amount in excess of $15,000.00.

19. That as a direct and proximate result of the negligence of Defendants, and each of

5

them, Plaintiffs, LAUREN L. LAVOIE and ███████████████ a minor, suffered great pain, disfigurement, mental anguish, loss of enjoyment of life and have been prevented from attending and participating in their usual activities and recreational endeavors in an amount in excess of $15,000.00.

20.     That Plaintiffs have been required to retain the services of an attorney to prosecute this action and are entitled to reasonable attorney's fees and costs incurred herein.

**SECOND CAUSE OF ACTION**
*Product Liability/Strict Liability in Tort/Defective Product*

21.     Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

22.     Defendants, or its predecessors or affiliates, were responsible for the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and warnings associated with the vehicle sale of the subject vehicle and placed upon a defective product upon the market.

23.     At all times mentioned herein, the subject vehicle failed to be accompanied by suitable and adequate warnings concerning the issues associated with components or modules, which rendered the subject vehicle unreasonably dangerous and defective.

24.     Defendants and ROE/ROE Defendants designed, manufactured, wholesaled, supplied, distributed, and sold the vehicle upon the market.

25.     That said defects and lack of warning existed at the time the subject vehicle left the custody and control of Defendants.

26.     Plaintiff's use of the vehicle was in a manner reasonably foreseeable to Defendants and DOE/ROE Defendants.



CHRISTIANSEN
— TRIAL LAWYERS —

6

27. Plaintiffs' injuries were caused by the defective design, development, manufacture, engineering, inspection, testing, assembly, wholesale, distribution and information about the vehicle and Plaintiffs have suffered the damages as alleged in this Complaint.

28. As a direct and proximate result of the conduct of Defendants, the dangerous condition /defective instrumentality of said vehicle was known by, or should have been known by, the Defendants in exercise of reasonable care and Plaintiffs were seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, and all to their general and compensatory damages in an amount in excess of $15,000.00.

29. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs, LAUREN L. LAVOIE and ███████████████ a minor, sustained injuries as a result of said dangerous condition/defective instrumentality in the vehicle the Defendants designed, manufactured, distributed, and placed upon the market, thereby incurring expenses for medical care, treatment, and expenses incidental thereto, and Plaintiffs may be required in the future to incur expenses for medical care and treatment in an amount in excess of $15,000.00.

30. As a further direct and proximate result of the negligence of Defendant, Plaintiff LAUREN L. LAVOIE sustained a loss of wages, past and future, and loss of future earnings in an amount in excess of $15,000.00.

31. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff, LAUREN L. LAVOIE suffered a loss of past and future household services in an amount in excess of $15,000.00.

32. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs, LAUREN L. LAVOIE and ███████████████ a minor, suffered

7

1    great pain, disfigurement, mental anguish, loss of enjoyment of life and have been prevented from

2    attending and participating in their usual activities and recreational endeavors in an amount in

3    excess of $15,000.00.

4

5          33.     That Plaintiffs have been required to retain the services of an attorney to prosecute

6    this action and are entitled to reasonable attorney's fees and costs incurred herein.

7                             **DEMAND FOR JURY TRIAL**

8          34.     Plaintiff hereby demands a trial by jury for all issues so triable.

9                              **PRAYER FOR RELIEF**

10    WHEREFORE, Plaintiff prays judgment of this Court as follows:

11

12    1.        General damages in an amount in excess of $15,000.00;

13    2.        Compensatory damages in an amount in excess of $15,000.00;

14    3.        Special damages in an amount in excess of $15,000.00;

15    4.        Medical and incidental expenses incurred and to be incurred;

16    5.        Damages for lost earnings and earning capacity, and future earning capacity;

17    6.        Damages for lost past and future household services;

18    7.        Damages for past and future pain, suffering, disfigurement, mental anguish, and

19               loss of enjoyment of life;

20

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27

28

8.   Costs of suit, reasonable attorney fees, interest incurred herein; and

for such other and further relief as is just and proper.

Dated this 25th day of February, 2022.

CHRISTIANSEN TRIAL LAWYERS

By_____

PETER S. CHRISTIANSEN, ESQ.
R. TODD TERRY, ESQ.
KENDELEE L. WORKS, ESQ.
WHITNEY J. BARRETT, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Plaintiffs*

9

# EXHIBIT B

Electronically Filed
2/25/2022 4:31 PM
Steven D. Grierson
CLERK OF THE COURT

1  IAFD
PETER S. CHRISTIANSEN, ESQ.
2  Nevada Bar No. 005254
pete@christiansenlaw.com
3  R. TODD TERRY, ESQ.
Nevada Bar No. 6519
4  tterry@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
5  Nevada Bar No. 9611
kworks@christiansenlaw.com
6  WHITNEY J. BARRETT, ESQ.
Nevada Bar No. 13662
7  wbarrett@christiansenlaw.com
KEELY A. PERDUE, ESQ.
8  Nevada Bar No. 13931
keely@christiansenlaw.com
9  CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street
10 Las Vegas, Nevada 89101
Telephone:     (702) 240-7979
11 Facsimile:      (866) 412-6992
*Attorneys for Plaintiffs*

CASE NO: A-22-848889-C
Department 1

12

13                    **DISTRICT COURT**

14              **CLARK COUNTY, NEVADA**

15 | LAUREN L. LAVOIE, individually, LAUREN | CASE NO.:
16 | L. LAVOIE as Guardian and Natural Parent of | DEPT NO.:
   | ████████, a Minor,

17                   Plaintiff,

18 vs.                                            **INITIAL APPEARANCE FEE**
                                                  **DISCLOSURE**
19 HYUNDAI MOTOR AMERICA, a Foreign
20 Corporation; HYUNDAI MOTOR
   COMPANY, a Foreign Corporation; DOES I-
21 X; ROE CORPORATIONS I-X; inclusive,

22                   Defendants.

23

24
        Pursuant to NRS Chapter 19 as amended by Senate Bill 106, filing fees are submitted for
25
   the parties appearing in the above-entitled action, as indicated below:
26
           Plaintiff LAUREN L. LAVOIE                        $270.00
27
           Plaintiff ███████████████ (minor)                $30.00
28

Ex. B - 001

Lavoie, Lauren L.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Total Remitted**                       **$300.00**

Dated this  25th  day of February, 2022.

CHRISTIANSEN TRIAL LAWYERS

By _____
    PETER S. CHRISTIANSEN, ESQ.
    R. TODD TERRY, ESQ.
    KENDELEE L. WORKS, ESQ.
    WHITNEY J. BARRETT, ESQ.
    KEELY A. PERDUE, ESQ.
    *Attorneys for Plaintiffs*

# EXHIBIT C

Electronically Issued

Electronically Filed
3/25/2022 9:39 AM
Steven D. Grierson
CLERK OF THE COURT

1   **SUMM**

2                                  **DISTRICT COURT**

3                          **CLARK COUNTY, NEVADA**

4   LAUREN L. LAVOIE, individually, LAUREN
    L. LAVOIE as Guardian and Natural Parent of
5   ███████████████████, a Minor,
                                                   CASE NO.:    A-22-848889-C
6                        Plaintiff,                DEPT NO.:

7       vs.

8   HYUNDAI MOTOR AMERICA, a Foreign
    Corporation; HYUNDAI MOTOR
9   COMPANY, a Foreign Corporation; DOES I-
    X; ROE CORPORATIONS I-X; inclusive,
10
11                      Defendants.

12                                  **SUMMONS**

13

14  **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR
    BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**
15
16  **TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the
    Complaint.
17                                  **HYUNDAI MOTOR AMERICA**

18  ** This lawsuit involves a Product Liability claim which occurred on March 01, 2020, in Clark County, Nevada.

19  1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of
    service, you must do the following:
20          a. File with the Clerk of this Court, whose address is shown below, a formal written response to the
    Complaint in accordance with the rules of the Court.
21          b. Serve a copy of your response upon the attorney whose name and address is shown below.
    2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a
22  judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property
    or other relief requested in the Complaint.
23  3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response
    may be filed on time.
24
    ///
25
    ///
26
    ///
27
    ///
28

**CHRISTIANSEN**
— TRIAL LAWYERS —

Ex. C - 001

2    Lavoie, Lauren L.

1    Issued at the direction of:

2

3    By _____

4        PETER S. CHRISTIANSEN, ESQ.

5        R. TODD TERRY, ESQ.
    WHITNEY J. BARRETT, ESQ.

6        KEELY A. PERDUE, ESQ.
    *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEVEN D. GRIERSON, CLERK OF COURT

By: _____    2/25/2022

Deputy Clerk                                Date
County Courthouse                  Christopher Reid
200 Lewis Avenue
Las Vegas, NV 89155



2

DISTRICT COURT
COUNTY OF CLARK, STATE OF NEVADA

LAUREN L. LAVOIE, individually, LAUREN
L. LAVOIE as Guardian and Natural Parent of
█████████████████ a Minor;

    Plaintiff(s)

HYUNDAI MOTOR AMERICA, a Foreign
Corporation; HYUNDAI MOTOR COMPANY,
a Foreign Corporation; DOES I- X; ROE
CORPORATIONS I-X; inclusive,

    Defendant(s)

Case No: A-22-848889-C
Dept. 1

| State of Nevada | ) |
| | )ss. |
| Carson City | ) |

DECLARATION OF SERVICE

I, <u>DAWN CALHOUN</u> being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age not a party nor interested in the proceeding in which this affidavit is made.  That on the <u>24TH</u> day of <u>MARCH 2022</u> affiant received the <u>SUMMONS, COMPLAINT DEMAND FOR JURY TRIAL</u> and served the same on the <u>24TH</u> day of <u>MARCH 2022</u> at <u>3:15 pm</u> by:

Delivering and leaving a copy with the Defendant _____

At _____

Serving the Defendant_____ by personally delivering and leaving a copy with_____ a person of suitable age and discretion residing at the Defendant's usual place of abode located at:_____

Serving the Defendant <u>HYUNDAI MOTOR AMERICA.</u> by personally delivering and leaving a copy at <u>R/A CORPORATION SERVICE COMPANY 112 N CURRY STREET CARSON CITY, NEVADA 89703</u>

    A   With _____as _____an agent lawfully designated by statute to accept service of process.

    B   With <u>JED COURT</u> pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent show on the current certificate of designation filed with the Secretary of State.

Personally, depositing a copy in a mailbox of the United States Post Office, enclosed in a sealed envelope postage prepaid

    _____Ordinary mail

    _____Certified mail return receipt requested

    _____Registered mail return receipt requested

Addressed to the Defendant_____ at Defendant's last known address, which is _____

<u>Executed on March 24, 2021</u>

Person making service/Dawn Calhoun PILB NV LIC 2602
Vegas Pro Serv   PILB NVLIC 1469
848 N Rainbow Blvd. #5372
Las Vegas, Nevada 89107 702-526-0411

PURSUANT TO NRS 53.045,
I DECLARE UNDER PENALTY OF
PERJURY UNDER THE LAW OF THE
STATE OF NEVADA THAT THE
FOREGOING IS TRUE AND CORRECT.

# EXHIBIT D

Details

# Case Information

A-22-848889-C | Lauren Lavoie, Plaintiff(s) vs. Hyundai Motor America, Defendant(s)

| Ca e Number | Court | Judicial Officer |
|---|---|---|
| A-22-848889-C | Department 1 | Yeager, Bita |
| File Date | Case Type | Case Status |
| 02/25/2022 | Product Liability | Open |

# Party

Subject Minor

████████████

Active Attorney ▾

Attorney
Christiansen, Peter S
Retained

Lead Attorney
Terry, R. Todd
Retained

Attorney
Work , Kendelee Lea cher
Retained

Attorney
Perdue, Keely A.
Retained

Plaintiff
Lavoie, Lauren L.

Active Attorney ▾

Attorney
Christiansen, Peter S
Retained

Lead Attorney
Terry, R. Todd
Retained

Ex. D - 001

Attorney
Works, Kendelee Leascher
Retained

---

Attorney
Perdue, Keely A.
Retained

---

Defendant
Hyundai Motor America

---

Defendant
Hyundai Motor Company

## Events and Hearings

02/25/2022 Complaint ▾

Complaint - COMP (CIV)

Comment
[1] Complaint

02/25/2022 Initial Appearance Fee Disclosure ▾

Initial Appearance Fee Disclosure - IAFD (CIV)

Comment
[2] Initial Appearance Fee Disclosure

02/25/2022 Summons Electronically Issued - Service Pending ▾

Comment
[3] Summons Electronically Issued - Service Pending

02/25/2022 Summons Electronically Issued - Service Pending ▾

Comment
[4] Summons Electronically Issued - Service Pending

Ex. D - 002

03/25/2022 Summon  ▾

Summons - SUMM (CIV)

Comment
[5] Summons

## Financial

Lavoie, Lauren L.
Total Financial Assessment                                                              $270.00
Total Payments and Credits                                                              $270.00

| 2/25/2022 | Transaction Assessment | | | $270.00 |
|---|---|---|---|---|
| 2/25/2022 | Efile Payment | Receipt # 2022-11709-CCCLK | Lavoie, Lauren L. | ($270.00) |

## Documents

Complaint - COMP (CIV)

Initial Appearance Fee Disclosure - IAFD (CIV)

Summons - SUMM (CIV)