UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAUREN L. LAVOIE individually, as Guardian and Natural Parent on behalf of L.S., a Minor,<br><br>    Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA,<br><br>    Defendant. | 2:22-cv-00628-GMN-VCF<br><br>**ORDER**<br><br>**And**<br><br>**AMENDED ORDER (Vacates ECF No. 25)**<br><br>MOTION TO FOR ORDER REQUIRING SUBPOENA COMPLIANCE AND EXTENDING THE DEADLINE TO COMPLETE SPOLIATION DISCOVERY (ECF No. 23) |

  Defendant Hyundai Motor America motion for order requiring subpoena compliance and extending the deadline to complete spoliation discovery. ECF No. 23. I grant and deny the motion in part.[1] I also vacate my previous order regarding the spoliation discovery and motion deadline. ECF No. 25.

---

[1] Per Local Rule IC 2-2(b), "For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." The defendant did not comply with this Local Rule. I deny defendant's request requiring subpoena compliance, but I grant plaintiff's request to extend the time to complete spoliation discovery in part.

I.  **Background**

Plaintiff brings claims against Hyundai for negligence and product liability. ECF No. 1-1. Defendant Hyundai allegedly served subpoenas on non-parties (1) Institute of Risk and Safety Analysis in Woodland Hills, CA and (2) Suggs Law Firm in Atlanta, GA. ECF No. 23. Defendant seeks (1) an order requiring subpoena compliance and (2) an extension on the deadline to complete spoliation discovery. *Id.* Plaintiff filed an opposition for the limited purpose of noting that she did not oppose the discovery objection, that she objected to the subpoenas because of privilege concerns, and that she did not believe this motion had been filed in the right court. ECF No. 26. Hyundai argues in its reply that plaintiff waived her objections, but defendant does not address the jurisdiction issue.

II.  **Analysis**

Rule 45 requires any motions or applications related to a subpoena be brought in the district where compliance is required.[2] see also Adv. Comm. Notes to 2013 Amendment, Rule 45 ("Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)."). Rule 45(d)(3)(B)(i) has the same language, it states, "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires...(i) disclosing a trade secret or other confidential research, development, or commercial information." Rule 45(d)(3)(B)(i). "Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person.". *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 U.S.

---

[2] Rule 45(d)(1) (As to avoiding undue burden or expense on the party subject to the subpoena, "[t]he court for the district where compliance is required must enforce this duty"); (d)(2)(B)(i) (As to an order compelling production "the serving party may move the court for the district where compliance is required"); (e)(2)(B) (As to information produced that is subject to claims of privilege or protection as trial preparation material, "present the information under seal to the court for the district where compliance is required").

2

Dist. LEXIS 114348, at 9 (D. Nev. Aug. 15, 2014), citing to Fed. R. Civ. P., Rule 45(c)(2)(A) (the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person").

I reviewed the subpoenas the defendant attached to its motion, which the defendant uploaded as a single file with the rest of the exhibits.[3] Defendant filed its Rule 45 motion in the wrong court; this Court lacks jurisdiction over the Institute of Risk and Safety Analysis in Woodland Hills, California and the Suggs Law Firm in Atlanta, Georgia. The plain text of Rule 45(f) imbues the discretion to transfer subpoena-related motions with the district court where compliance is required. Compliance is required in California and Georgia, not Nevada. I deny the portion of the motion that seeks compliance for lack of jurisdiction. Since the plaintiff does not oppose an extension to the spoliation discovery deadline, I grant that portion of the motion in part. I vacate my previous order regarding the spoliation discovery deadline and spoliation sanctions. ECF No. 25. I extend the spoliation discovery and motion deadline until further order of the Court.

ACCORDINGLY,

I ORDER that the defendant's motion for order requiring subpoena compliance and extending the deadline to complete spoliation discovery (ECF No. 23) is GRANTED AND DENIED IN PART.

I FURTHER ORDER that defendant's request for an order requiring subpoena compliance is DENIED.

I FURTHER ORDER that my previous order regarding the spoliation discovery deadline and spoliation sanctions (ECF No. 25) is VACATED.

---

[3] Per the Court's local rules, each exhibit filed electronically must be attached as a separate file. See LR IA 10-3 ("Exhibits filed electronically must comply with LR IC 2-2(a)(3)."); LR IC 2-2(a)(3)(A) ("Exhibits and attachments… must be attached as separate files.").

I FURTHER ORDER that the spoliation discovery and motion deadline is extended UNTIL FURTHER ORDER of the Court.

I FURTHER ORDER that a status conference is set for Tuesday, April 18, 2023, at 10:00 am.

IT IS SO ORDERED.

DATED this 18th day of October 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE